UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LAUREN BICKFORD-BUSHEY

                Plaintiff,

vs.                                      1:08-cv-04465-PKL

GREYHOUND LINES, INC,
and THE GOODYEAR TIRE and
RUBBER COMPANY

                Defendants.
_____

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, Lauren Bickford-Bushey, by and through her attorney, Mark A. Schneider, and complains against the Defendants as follows:

### PARTIES

1. The Plaintiff, Lauren Bickford-Bushey, is a resident of Waterford, Saratoga County, New York.

2. The Defendant, Greyhound Lines, Inc (hereinafter "Greyhound") is a Delaware corporation with its principal place of business in the state of Texas.

3. Upon information and belief, the Defendant, Greyhound, is licensed to transact business in New York and conducts substantial business in the state of New York, and, in particular, in the Southern District of New York.

4. The Defendant, The Goodyear Tire and Rubber Company (hereinafter "Goodyear") is an Ohio corporation with its principal place of business in Ohio.

5. Upon information and belief, the Defendant, Goodyear, is licensed to transact business in New York and conducts substantial business in the state of New York, and, in particular, in the Southern District of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 as there is complete diversity of citizenship between the Plaintiff and all of the Defendants, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. This court has *in personam* jurisdiction over both Defendants because at all times relevant herein both defendants were foreign corporations for profit that regularly and continually conduct business in the State of New York. As such, there are sufficient contacts between the Defendants and the State of New York

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391, as the Defendants conduct substantial business in this District and are subject to jurisdiction in this District. The Defendants are also subject to New York long-arm jurisdiction as non-domiciliaries that committed tortuous acts within New York State.

## GENERAL ALLEGATIONS

9. At all times relevant herein, Defendant Greyhound was in the business of owning, leasing, operating, managing, controlling, inspecting and maintaining commercial passenger buses by and through its servants, employees and agents, including the bus on which the Plaintiff was injured as described herein.

10. At all times relevant herein, Defendant Goodyear was in the business of designing, developing, inspecting, marketing, selling and leasing tires for commercial buses and maintaining, by and through its servants, agents and employees, tires for

2

commercial buses, including the bus on which the Plaintiff was injured as described herein.

11. At all times relevant herein, Greyhound was operating as a common carrier, in that its buses were made available for transportation to the general public.

12. At all times relevant herein, Ronald Burgess was an employee of Greyhound as a driver. As such, his duties included the operation of buses owned, leased, managed, controlled and maintained by the Defendants with the Defendants' permission and within the scope of his employment.

13. On or about August 28, 2006 Greyhound owned, leased, maintained, managed, controlled and/or operated a 2000 MCI model DL-3 bus which was labeled as a "Greyhound" bus which may have also been known as Greyhound Bus Number 4014 and bearing Texas registration number R7HW58 (hereinafter "the subject bus").

14. On or about August 28, 2006, the tires on the subject bus were designed, developed, marketed, owned by and leased to Greyhound by Goodyear.

15. On or about August 28, 2006, Ronald Burgess was operating the subject bus on its route between New York City and Montreal, Quebec, Canada within the scope of his employment with Greyhound and with the permission of Greyhound, and as such was responsible for the safety of the passengers on the subject bus.

16. On or about August 28, 2006, the Plaintiff boarded the subject bus at the Saratoga Springs stop, subject to a ticket which was sold to her by Greyhound and for which she paid the required fare.

17. On or about August 28, 2006, after boarding the subject bus at the Saratoga Springs stop, the bus re-entered Interstate 87 and continued north.

18. Upon information and belief, on or about August 28, 2006 at approximately 6:45 pm, a tire on the subject bus failed to operate as intended.

19. At and just prior to the time and place referenced in paragraph 18, Ronald Burgess was driving the subject bus at a rate of speed in excess of the posted speed limit and otherwise failing to prudently perform his duties as driver.

20. At the time and place referenced in paragraph 18, Ronald Burgess lost control of the subject bus, causing it to leave the roadway, strike a guard rail, and overturn multiple times, during which the Plaintiff was ejected from the bus.

21. As a result of the accident, the Plaintiff suffered serious injuries as defined by the New York Insurance Law.

22. Upon information and belief, on and before August 28, 2006, Greyhound was aware that their model DL-3 buses had a proclivity toward tire failure, which could result in loss of control, crashes, rollovers, and other related dangers.

23. Upon information and belief, on or before August 28, 2006, Goodyear was aware of the proclivity of the tires they designed, developed, manufactured, owned, marketed, distributed and leased to Greyhound had for failure, and Goodyear knew that such failure could result in loss of control, crashes, rollovers, and other related dangers.

24. Upon information and belief, on and before August 28, 2006, Greyhound knowingly purchased, leased, employed, operated, and/or used model DL-3 buses, including the subject bus, with roofs that had an unsafe tendency to collapse in a rollover or other impact.

25.    Upon information and belief, on and before August 28, 2006, Greyhound knowingly purchased, leased, employed, operated, and/or used model DL-3 buses, including the subject bus, even though they lacked passenger seatbelts.

26.    On and before August 28, 2006, Greyhound knowingly and voluntarily chose not to install seatbelts in its DL-3 buses, including the subject bus, even though it knew that the lack of seatbelts could cause passengers to be ejected from their seats, and in some cases the bus, in the event of an accident and/or rollover.

27.    Upon information and belief, on or before August 28, 2006, Greyhound knowingly purchased, leased, employed, operated, and/or used model DL-3 buses, including the subject bus, with windows of an unsafe size and composition which had an unsafe tendency to cause passengers to be ejected from the bus in a rollover.

**FIRST CAUSE OF ACTION – NEGLIGENCE AGAINST GREYHOUND**

28.    The Plaintiff realleges paragraphs 1-27 as if set forth at length herein.

29.    Greyhound and its employees, agents, and/or servants had a duty to the Plaintiff, pursuant to common law and statutory/regulatory law, to use reasonable care in the ownership, operation, maintenance and control of the bus and in addition, as a common carrier also had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

30.    Greyhound breached its duties to the Plaintiff by negligently operating, maintaining, managing, controlling, inspecting and leasing the subject bus; by negligently hiring, supervising, training, communicating with and educating their employees, representatives and agents who operated, controlled, managed and maintained the subject bus, including their failure to monitor any incidences of their employees operating their

buses at excessive speeds; and by recklessly ignoring the history of safety deficiencies in the model DL-3 buses, failing to take remedial measures with respect to the faulty tires, failing to take remedial measures with respect to the frangible roofs on the model DL-3 buses, failing to take remedial measures with respect to the unsafe size and composition of the windows on the model DL-3 buses and continuing to operate said buses without seatbelts.

31. A proximate cause of the crash was Greyhound's negligence, its reckless disregard of the care required to be exercised by law and common practice for the safety of its passengers, and other culpable conduct, through its agents, employees and representatives, without any fault or negligence on the part of the Plaintiff contributing thereto.

32. Ronald Burgess violated the aforementioned duties by not driving at a speed that would have permitted him to better control the subject bus, failing to otherwise use reasonable care in the operation of the subject bus, and was otherwise negligent, all of which violated common law and statutory/regulatory laws and proximately resulted in the accident which injured the Plaintiff.

33. Greyhound is vicariously liable for the actions of Ronald Burgess pursuant to the doctrine of *respondeat superior* as well as section 388 of the New York Vehicle and Traffic Law.

34. The accident was caused solely by the Defendants' negligence, recklessness, and other conduct by and through their employees, agents, and servants, and the Plaintiff is not comparatively negligent in any manner with regard to the accident or her injuries. The Plaintiff reserves the right to assert the doctrine of *Res Ipsa Loquitur*.

35. As a proximate result of the conduct of Greyhound described herein, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

    a. Past, present and future medical bills;

    b. Past, present and future pain and suffering;

    c. Past, present and future psychiatric and emotional damages;

    d. Past, present and future cognitive impairment;

    e. Past, present and future lost wages and loss of earning capacity;

    f. Past, present and future loss of ability to enjoy life.

WHEREFORE, the Plaintiff, Lauren Bickford-Bushey, demands that judgment be entered in her favor and against Greyhound in an amount in excess of seventy five thousand dollars ($75,000) that will provide fair compensation for the Plaintiff's injuries, and other damages, together with prejudgment and post judgment interest, her attorney fees and costs to the extent provided by law, as well as any other relief that the Court deems appropriate.

### SECOND CAUSE OF ACTION – NEGLIGENCE AGAINST GOODYEAR

36. The Plaintiff realleges paragraphs 1-35 as if set forth at length herein.

37. Upon information and belief, Goodyear had a contractual agreement to provide tires to Greyhound for use on Greyhound buses, including the subject bus.

38. Goodyear had a duty to exercise reasonable care and to provide a safe product to all passengers on buses using its subject tire.

39. Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts

and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof.

40. In failing to exercise reasonable care, Goodyear launched a force or instrument of harm into the stream of commerce, upon which Plaintiffs detrimentally relied.

41. On August 28, 2006, the subject tire was being used for its intended purpose.

42. The subject tire was unfit for its intended purpose.

43. Goodyear breached the duties of care it owed to the Plaintiff by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire; by negligently hiring, supervising, training, communicating with and educating its employees, representatives and agents who designed, developed, manufactured, managed, controlled, maintained and leased the subject tire; and by recklessly ignoring the history their tires had of failure and continuing to lease said tires.

44. As a proximate result of the conduct of Goodyear described herein, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

 a. Past, present and future medical bills;

 b. Past, present and future pain and suffering;

 c. Past, present and future psychiatric and emotional damages;

 d. Past, present and future cognitive impairment;

 e. Past, present and future lost wages and loss of earning capacity;

 f. Past, present and future loss of ability to enjoy life.

WHEREFORE, the Plaintiff, Lauren Bickford-Bushey, demands that judgment be entered in her favor and against Goodyear in an amount in excess of seventy five thousand dollars ($75,000) that will provide fair compensation for the Plaintiff's injuries, and other damages, together with prejudgment and post judgment interest, her attorney fees and costs to the extent provided by law, as well as any other relief that the Court deems appropriate.

### THIRD CAUSE OF ACTION – STRICT PRODUCT LIABILITY

45. The Plaintiff realleges paragraphs 1-44 as if set forth at length herein.

46. The subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear.

47. The subject tire was sold, distributed and marketed in a defective and/or unreasonably dangerous condition and/or was unfit for its intended use and placed into the stream of commerce by Goodyear.

48. Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident.

49. At the time that the subject tire left Goodyear's control it was defective, unreasonably dangerous and/or unfit for its intended use.

50. The subject tire had not been altered, modified or changed in any form or fashion prior to its use on August 28, 2006.

51. As a proximate result of the defective, unreasonably dangerous and/or unfit condition of the subject tire, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

    a. Past, present and future medical bills;

    b. Past, present and future pain and suffering;

    c. Past, present and future psychiatric and emotional damages;

    d. Past, present and future cognitive impairment;

    e. Past, present and future lost wages and loss of earning capacity;

    f. Past, present and future loss of ability to enjoy life.

WHEREFORE, the Plaintiff, Lauren Bickford-Bushey, demands that judgment be entered in her favor and against Goodyear in an amount in excess of seventy five thousand dollars ($75,000) that will provide fair compensation for the Plaintiff's injuries, and other damages, together with prejudgment and post judgment interest, her attorney fees and costs to the extent provided by law, as well as any other relief that the Court deems appropriate.

### FOURTH CAUSE OF ACTION – BREACH OF WARRANTIES

52. The Plaintiff realleges paragraphs 1-51 as if set forth at length herein.

53. Greyhound expressly and impliedly warranted that it would provide safe and appropriate common carriage bus transportation for its fare paying passengers, using bus operation techniques that would assure the reasonable and safe transportation of passengers, including Plaintiff, and that its drivers, buses, and equipment were reasonably fit for their intended and foreseeable uses and purposes.

54. Greyhound breached its warranties by failing to provide safe, reliable, and appropriate common carriage bus transportation for its fare paying passengers when the subject bus crashed as described herein.

55.     Goodyear expressly and impliedly warranted that it would provide, design, develop, manufacture, maintain, own and lease safe, reliable and appropriate tires, using techniques that would assure the safety of any users of its product, including the passenger Plaintiffs, and that its tires and equipment were reasonably fit for their intended and foreseeable uses and purposes.

56.     Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus when the subject tire failed, causing the bus to veer off the road and contributing to the crash during the trip from New York City to Montreal on August 28, 2006.

57.     As a direct and proximate result of the Defendants' breach of their warranties, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

   a. Past, present and future medical bills;

   b. Past, present and future pain and suffering;

   c. Past, present and future psychiatric and emotional damages;

   d. Past, present and future cognitive impairment;

   e. Past, present and future lost wages and loss of earning capacity;

   f. Past, present and future loss of ability to enjoy life.

WHEREFORE, the Plaintiff, Lauren Bickford-Bushey, demands that judgment be entered in her favor and against the Defendants in an amount in excess of seventy five thousand dollars ($75,000) that will provide fair compensation for the Plaintiff's injuries, and other damages, together with prejudgment and post judgment interest, her attorney

fees and costs to the extent provided by law, as well as any other relief that the Court deems appropriate.

## FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES

58.     The Plaintiff realleges paragraphs 1-57 as if set forth at length herein.

59.     As a direct and proximate result of the reckless, wanton, and willful conduct of Greyhound and its employees, agents, and/or servants as described herein, including, but not limited to, intentionally ignoring the history of tire failure in the model DL-3 buses, intentionally failing to take remedial measures with respect to the faulty tires, intentionally failing to take remedial measures with respect to the frangible roofs on the model DL-3 buses, intentionally failing to take remedial measures with respect to the unsafe size and composition of the windows on the model DL-3 buses and continuing to operate said buses without seatbelts, the lack of training it provided to its drivers, grossly deficient vehicle inspection and maintenance, and the grossly deficient vehicle operation, including the gross negligence of Greyhound's driver in driving at an excessive rate of speed during the trip from New York City to Montreal on August 28, 2006, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

    a. Past, present and future medical bills;

    b. Past, present and future pain and suffering;

    c. Past, present and future psychiatric and emotional damages;

    d. Past, present and future cognitive impairment;

    e. Past, present and future lost wages and loss of earning capacity;

    f. Past, present and future loss of ability to enjoy life.

60. As a direct and proximate result of the reckless, wanton and willful misconduct of Goodyear, including its employees, and its gross disregard of the propensity of its tires to fail, the Plaintiff was seriously injured as defined by New York Insurance Law and has suffered the following damages, which exceed the sum of $75,000, exclusive of interest and costs:

    a. Past, present and future medical bills;

    b. Past, present and future pain and suffering;

    c. Past, present and future psychiatric and emotional damages;

    d. Past, present and future cognitive impairment;

    e. Past, present and future lost wages and loss of earning capacity;

    f. Past, present and future loss of ability to enjoy life.

61. As a result of the aforementioned conduct, the Defendants are liable to the Plaintiff for punitive damages in order to prevent and deter future similar conduct.

WHEREFORE, the Plaintiff, Lauren Bickford-Bushey, demands that judgment be entered in her favor and against the Defendants in an amount in excess of seventy five thousand dollars ($75,000) that will provide fair compensation for the Plaintiff's injuries, and punitive and other damages, together with prejudgment and post judgment interest, her attorney fees and costs to the extent provided by law, as well as any other relief that the Court deems appropriate.

## JURY DEMAND

The Plaintiff Demands a Trial by Jury on All Issues So Triable.

Dated: May 8, 2008

Respectfully submitted,


   s/Mark A. Schneider          .
Mark A. Schneider, Esq. (MS6666)
Law Office of Mark Schneider
57 Court Street
Plattsburgh, NY 12901
(518) 566-6666
*Counsel for Plaintiff*