UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

LAUREN BICKFORD-BUSHEY,                                    **ANSWER**

                        **Plaintiff,**            **Civil Action No.**
                                     **08 CIV 4465 (PKL)**

     -against-

                                       **[Related to**
GREYHOUND LINES, INC. and THE GOODYEAR TIRE    **06 CIV 13371 (PKL)]**
and RUBBER COMPANY,

                                     **JURY TRIAL**
                    **Defendants.**            **DEMANDED**

------------------------------------------------------------------------X

Defendant, GREYHOUND LINES, INC. ("GREYHOUND"), by its attorneys, FABIANI

COHEN & HALL, LLP, as and for an Answer to the plaintiff's Complaint, sets forth, upon

information and belief, the following:

## PARTIES

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. 1 of the plaintiff's Complaint.

SECOND: Admits each and every allegation contained in Paragraph No. 2 of the

plaintiff's Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. 3 of the plaintiff's Complaint except admits that the

defendant, Greyhound, is licensed to transact business in the State of New York and conducts

business in the State of New York, and, in particular, in the Southern District of New York.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. 4 of the plaintiff's Complaint.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. 5 of the plaintiff's Complaint.

## JURISDICTION AND VENUE

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the plaintiff's Complaint except admits that the defendant, Greyhound, is licensed to transact business in the State of New York and conducts business in the State of New York, and, in particular, in the Southern District of New York and respectfully refers all questions of law to the determination of the Trial Court.

EIGHTH: Denies each and every allegation contained in Paragraph No. 8 of the plaintiff's Complaint except admits that the defendant, Greyhound, is licensed to transact business in the State of New York and conducts business in the State of New York, and, in particular, in the Southern District of New York, and respectfully refers all questions of law to the determination of the Trial Court.

## GENERAL ALLEGATIONS

NINTH: Denies each and every allegation contained in Paragraph No. 9 of the plaintiff's Complaint, except admits that Defendant, Greyhound Lines, Inc. was in the business of utilizing buses to transport passengers, including the bus on which the Plaintiff was a passenger at the time of the accident at issue in this litigation.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the plaintiff's Complaint.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the plaintiff's Complaint except admits that

2

Defendant, Greyhound Lines, Inc. was in the business of utilizing buses to transport passengers, including the bus on which the Plaintiff was a passenger at the time of the accident at issue in this litigation and respectfully refers all questions of law to the determination of the Trial Court.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of the plaintiff's Complaint except admits that on August 28, 2006 and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound Lines, Inc., and respectfully refers all questions of law to the determination of the Trial Court.

THIRTEENTH: Denies each and every allegation contained in Paragraph No. 13 of the plaintiff's Complaint, except admits that on or about August 28, 2005, Greyhound Lines, Inc. leased a 2000 MCI model 102DL3 bus bearing Texas registration number R7HW58 (hereinafter "the subject bus").

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the plaintiff's Complaint except admits that on August 28, 2006, the tires on the subject bus were leased to Greyhound Lines Inc., by The Goodyear Tire & Rubber Company.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the plaintiff's Complaint except admits that on August 28, 2006 and at the time of the accident at issue in this litigation, Ronald Burgess was operating the subject bus within the scope of his employment with Greyhound Lines, Inc. and with the permission of Greyhound Lines, Inc.

SIXTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the plaintiff's Complaint except admits that on August 28, 2006 the plaintiff was a passenger on the subject bus.

SEVENTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the plaintiff's Complaint except admits that on August 28, 2006 the subject bus was traveling northbound on Interstate 87 in or near Elizabethtown, New York.

EIGHTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the plaintiff's Complaint.

NINETEENTH:  Denies each and every allegation contained in Paragraph No. 19 of the plaintiff's Complaint.

TWENTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the plaintiff's Complaint.

TWENTY-FIRST:  Denies each and every allegation contained in Paragraph No. 21 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-SECOND:  Denies each and every allegation contained in Paragraph No. 22 of the plaintiff's Complaint.

TWENTY-THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of the plaintiff's Complaint.

TWENTY-FOURTH:  Denies each and every allegation contained in Paragraph No. 24 of the plaintiff's Complaint.

4

TWENTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the plaintiff's Complaint except admits that before August 28, 2006, Greyhound Lines, Inc. utilized MCI model 102 DL3 buses which did not come equipped with passenger seatbelts, including the subject bus.

TWENTY-SIXTH: Denies each and every allegation contained in Paragraph No. 26 of the plaintiff's Complaint.

TWENTY-SEVENTH: Denies each and every allegation contained in Paragraph No. 27 of the plaintiff's Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION - NEGLIGENCE AGAINST GREYHOUND

TWENTY-EIGHTH: In response to Paragraph No. 28 of the plaintiff's Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. FIRST through TWENTY-SEVENTH hereinabove as though more fully set forth at length herein.

TWENTY-NINTH: Denies each and every allegation contained in Paragraph No. 29 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTIETH: Denies each and every allegation contained in Paragraph No. 30 of the plaintiff's Complaint.

THIRTY-FIRST: Denies each and every allegation contained in Paragraph No. 31 of the plaintiff's Complaint.

THIRTY-SECOND: Denies each and every allegation contained in Paragraph No. 32 of the plaintiff's Complaint.

386688.1

THIRTY-THIRD:  Denies each and every allegation contained in Paragraph No. 33 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FOURTH:  Denies each and every allegation contained in Paragraph No. 34 of the plaintiff's Complaint.

THIRTY-FIFTH:  Denies each and every allegation contained in Paragraph No. 35 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH a.    Denies each and every allegation contained in Paragraph No. 35a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH b.    Denies each and every allegation contained in Paragraph No. 35b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH c.    Denies each and every allegation contained in Paragraph No. 35c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH d.    Denies each and every allegation contained in Paragraph No. 35d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH e.    Denies each and every allegation contained in Paragraph No. 35e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FIFTH f.    Denies each and every allegation contained in Paragraph No. 35f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE SECOND CAUSE OF ACTION - NEGLIGENCE AGAINST GOODYEAR

THIRTY-SIXTH:   In response to Paragraph No. 36 of the plaintiff's Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. FIRST through THIRTY-FIFTH f hereinabove as though more fully set forth at length herein.

THIRTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the plaintiff's Complaint.

THIRTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38 of the plaintiff's Complaint.

THIRTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39 of the plaintiff's Complaint.

FORTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 of the plaintiff's Complaint.

FORTY-FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 41 of the plaintiff's Complaint.

FORTY-SECOND:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 of the plaintiff's Complaint.

FORTY-THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 of the plaintiff's Complaint.

FORTY-FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH a:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH b:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH c:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH d:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH e:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH f:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

386688.1

## ANSWERING THE THIRD CAUSE OF ACTION
## - STRICT PRODUCT LIABILITY

FORTY-FIFTH:  In response to Paragraph No. 45 of the plaintiff's Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. FIRST through FORTY-FOURTH f hereinabove as though more fully set forth at length herein.

FORTY-SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46 of the plaintiff's Complaint.

FORTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the plaintiff's Complaint.

FORTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the plaintiff's Complaint.

FORTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 of the plaintiff's Complaint.

FIFTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 50 of the plaintiff's Complaint.

FIFTY-FIRST:  Denies each and every allegation contained in Paragraph No. 51 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST a:  Denies each and every allegation contained in Paragraph No. 51a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST b:  Denies each and every allegation contained in Paragraph No. 51b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST c:  Denies each and every allegation contained in Paragraph No. 51c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST d:  Denies each and every allegation contained in Paragraph No. 51d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST e:  Denies each and every allegation contained in Paragraph No. 51e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-FIRST f:  Denies each and every allegation contained in Paragraph No. 51f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE FOURTH CAUSE OF ACTION
## - BREACH OF WARRANTIES

FIFTY-SECOND:    In response to Paragraph No. 52 of the plaintiff's Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. FIRST through FIFTY-FIRST f hereinabove as though more fully set forth at length herein.

FIFTY-THIRD:  Denies each and every allegation contained in Paragraph No. 53 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

10

FIFTY-FOURTH: Denies each and every allegation contained in Paragraph No. 54 of the plaintiff's Complaint.

FIFTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55 of the plaintiff's Complaint

FIFTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56 of the plaintiff's Complaint

FIFTY-SEVENTH: Denies each and every allegation contained in Paragraph No. 57 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH a: Denies each and every allegation contained in Paragraph No. 57a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH b: Denies each and every allegation contained in Paragraph No. 57b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH c: Denies each and every allegation contained in Paragraph No. 57c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH d: Denies each and every allegation contained in Paragraph No. 57d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH e:  Denies each and every allegation contained in Paragraph No. 57e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-SEVENTH f:  Denies each and every allegation contained in Paragraph No. 57f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

**ANSWERING THE FIFTH CAUSE OF ACTION**
**- PUNITIVE DAMAGES**

FIFTY-EIGHTH:    In response to Paragraph No. 58 of the plaintiff's Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. FIRST through FIFTY-SEVENTH f hereinabove as though more fully set forth at length herein.

FIFTY-NINTH:  Denies each and every allegation contained in Paragraph No. 59 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH a:  Denies each and every allegation contained in Paragraph No. 59a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH b:  Denies each and every allegation contained in Paragraph No. 59b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH c:  Denies each and every allegation contained in Paragraph No. 59c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH d: Denies each and every allegation contained in Paragraph No. 59d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH e: Denies each and every allegation contained in Paragraph No. 59e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH f: Denies each and every allegation contained in Paragraph No. 59f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH a: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60a of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH b: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60b of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH c: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60c of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH d:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60d of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH e:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60e of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTIETH f:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60f of the plaintiff's Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTY-FIRST:  Denies each and every allegation contained in Paragraph No. 61 of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-SECOND:  Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of Greyhound Lines, Inc., its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against Greyhound Lines, Inc..

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-THIRD:  Notwithstanding that Greyhound Lines, Inc. has denied liability herein, in the event that liability is found, the liability of Greyhound Lines, Inc. shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to New York Civil Practice Law and Rules ("CPLR") §1601 et seq., or any similar applicable law, the liability of Greyhound Lines, Inc. for non-economic loss shall not exceed its equitable share determined in accordance

14

with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-FOURTH: That to the extent the plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §51-02, et seq. or any similar no-fault threshold law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: The Fourth Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: The Fifth Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: Some of the claims and or theories of liability made by the plaintiff in this action, including but not necessarily limited to those pertaining to seatbelts, windows and the roof the subject bus, are preempted and prohibited. To the extent the Causes of Action in this

386688.1

action are based upon these preempted theories of liability, or any other pre-empted theory of liability, said Causes of Actions fail to state a claim for which relief can be granted.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SIXTY-NINTH:  The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the various parties in this litigation.

### AS AND FOR A FIRST CROSS-CLAIM
### AGAINST CO-DEFENDANT
### THE GOODYEAR TIRE and RUBBER COMPANY ("GOODYEAR")

(COMMON LAW INDEMNIFICATION)

SEVENTIETH:  Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation set forth above in paragraphs ONE through SIXTY-NINTH as though fully set forth at length herein.

SEVENTY-FIRST:  Before August 28, 2006 Greyhound Lines, Inc. and GOODYEAR TIRE & RUBBER COMPANY (hereinafter referred to as "GOODYEAR") entered into an Agreement dated October 3, 2000.  Greyhound Lines, Inc. begs leave to refer to the Agreement for its complete terms and conditions.

SEVENTY-SECOND:  Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound..." and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements..."

SEVENTY-THIRD:  Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear..."

16

SEVENTY-FOURTH:  Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

SEVENTY-FIFTH:  Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

SEVENTY-SIXTH:  The Agreement contains of various Exhibits, including Exhibit "C". Exhibit "C" is entitled Procedure Guideline No.:  PB K-91 (hereinafter referred to as "the K-91"). Greyhound Lines, Inc. begs leave to refer to the Agreement and all of its attachments and Exhibits for their complete terms and conditions.  (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

SEVENTY-SEVENTH:  Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

SEVENTY-EIGHTH:    Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound...from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of GOODYEAR or its agents or employees".

17

SEVENTY-NINTH:  On August 28, 2006 a bus ("the subject bus") carrying passengers, including the plaintiff, and driven by Ronald Burgess, an employee of Greyhound Lines, Inc., was traveling on I-87 in New York when it left the roadway of I-87 and was involved in an accident ("the subject accident").

EIGHTIETH:  At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

EIGHTY-FIRST:  At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

EIGHTY-SECOND:  Greyhound Lines, Inc. leased the G409 tires, including the left front tire, from GOODYEAR.

EIGHTY-THIRD:  GOODYEAR designed the G409 tires, including the left front tire.

EIGHTY-FOURTH:  GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

EIGHTY-FIFTH:  In the plaintiff's Complaint the plaintiff alleges, among other things, that:  GOODYEAR designed, developed, inspected, marketed, sold, leased and maintained the tires used on the bus upon which the plaintiff was riding at the time of the accident at issue in this case (paragraph 10); on or about August 28, 2006 "a tire on the subject bus failed to operate as intended" (paragraph 18); "Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof" (paragraph 39); "on August 28, 2006, the subject

tire was being used for its intended purpose" (paragraph 42); "the subject tire was unfit for its intended purpose" (Paragraph 42); "Goodyear breached the duties of care it owed...by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire" (paragraph 43); "the subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear" (paragraph 46); "the subject tire was sold, distributed and marketed in a defective and unreasonably dangerous condition and/or was unfit for its intended use" (paragraph 47); "Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident" (paragraph 48); "at the time that the subject tire left Goodyear's control it was defective and unreasonably dangerous and/or unfit for its intended use" (paragraph 49) and "Goodyear breach its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus" (paragraph 56).

EIGHTY-SIXTH: Although Greyhound Lines, Inc. has denied the plaintiff's allegations regarding its liability and damages claims, Greyhound Lines, Inc. is nevertheless exposed to damage by reason of a possible verdict or judgment.

EIGHTY-SEVENTH: By reason of exposure to damage this cross-claim is made against GOODYEAR by reason of, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

19

EIGHTY-EIGHTH:  That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of co-defendant, GOODYEAR, while the wrongdoing of Greyhound Lines, Inc. will have been passive and secondary.

EIGHTY-NINTH:  By reason of all of the foregoing, Greyhound Lines, Inc. is entitled to full indemnity from co-defendant, GOODYEAR.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST CO-DEFENDANT
### THE GOODYEAR TIRE and RUBBER COMPANY ("GOODYEAR")

(CONTRIBUTION)

NINETIETH:  Defendant, Greyhound Lines, Inc. repeats and realleges each and every allegation set forth above in paragraphs ONE through EIGHTY-NINTH as though fully set forth at length herein.

NINETY-FIRST:  That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff and should said defendant not be awarded full indemnity on the first cross-claim of this Answer to the plaintiff's Complaint, then Greyhound Lines, Inc. is entitled to an apportionment of fault against co-defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing among the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR or any similar applicable law.

NINETY-SECOND:  By reason of the foregoing, Greyhound Lines, Inc. is entitled to contribution and/or partial indemnity from the co-defendant, GOODYEAR, in accordance with

20

the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided

under Articles 14 and 16 of the CPLR or any similar applicable law.

**AS AND FOR A THIRD CROSS-CLAIM**
**AGAINST CO-DEFENDANT**
**THE GOODYEAR TIRE and RUBBER COMPANY ("GOODYEAR")**

(CONTRACTUAL INDEMNIFICATION)

NINETY-THIRD:  Defendant, Greyhound Lines, Inc., repeats and realleges each and

every allegation above set forth in paragraphs ONE through NINETY-SECOND as though fully

set forth at length herein.

NINETY-FOURTH:  That pursuant to the Agreement made by and between Greyhound

Lines, Inc., on the one part, and co-defendant, GOODYEAR, on the other part, co-defendant,

GOODYEAR undertook to indemnify, fully or partially, Greyhound Lines, Inc. for loss, claims

and/or damage arising out of or in connection with the aforesaid Agreement.  Greyhound Lines,

Inc. begs leave to refer to the Agreement for its complete terms and conditions.

NINETY-FIFTH:  By reason of all of the above and the Agreement, Greyhound Lines,

Inc. is entitled to either complete indemnification or partial indemnity by contract from co-

defendant, GOODYEAR for any verdict, judgment or settlement reached in this action against

Greyhound Lines, Inc., together with costs, expenses, disbursements and attorneys' fees.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT THE**
**GOODYEAR TIRE and RUBBER COMPANY ("GOODYEAR")**

(PROPERTY DAMAGE/ECONOMIC LOSS)

NINETY-SIXTH:  Defendant, Greyhound Lines, Inc., repeats and realleges each and

every allegation above set forth in paragraphs ONE through NINETY-FIFTH as though fully set

forth at length herein.

21

NINETY-SEVENETH:  Before the subject accident, the subject bus was leased by Greyhound Lines, Inc. from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease").  Greyhound Lines, Inc. begs leave to refer to the Master Lease at the time of trial.

NINETY-EIGHTH:  The Master Lease was in effect at the time of the subject accident.

NINETY-NINTH:  After the subject accident, and pursuant to the terms of the Master Lease, Greyhound Lines, Inc. replaced the subject bus with another bus of the same type and manufacturer that was owned by Greyhound Lines, Inc. (hereinafter referred to as "the replacement bus").

ONE-HUNDREDTH:  Pursuant to the terms of the Master Lease, Greyhound Lines, Inc. transferred title of the replacement bus to the Bank of Oklahoma, N.A.

ONE-HUNDRED-FIRST:  After and since the subject accident, and due to the subject accident, Greyhound Lines has paid and/or will continue to pay no-fault benefits.

ONE-HUNDRED-SECOND:  As a result of all of the foregoing, Greyhound Lines, Inc. has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

ONE-HUNDRED-THIRD:  Greyhound, Lines, Inc.'s damages and losses as described above are due to, among other things, GOODYEAR's:  wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the G409 tires, including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

22

ONE-HUNDRED-FOURTH:  The amount in controversy pertaining to the damages and losses suffered by Greyhound Lines, Inc. exceeds $75,000 exclusive of interest.

ONE-HUNDRED-FIFTH:  Greyhound Lines, Inc. has been damaged and continues to be damaged by GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000.  Greyhound Lines, Inc. is entitled to recover all of the damages and losses described above from GOODYEAR.  Greyhound Lines, Inc. is also entitled to interest since the date of the subject accident.

WHEREFORE, defendant, GREYHOUND LINES, INC., demands:

1.    Judgment dismissing the plaintiff's Complaint;

2.    In the event that the plaintiff's Complaint is not dismissed, then full or partial indemnity with respect to the first and third cross-claims;

3.    In the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing;

4.    Judgment against GOODYEAR on the fourth cross-claim in a sum in excess of $75,000 plus interest; and

5.    Together with the costs and disbursements of this action.

**Dated:**       **New York, New York**
             **June 2, 2008**

                    **Yours, etc.,**

                    **FABIANI COHEN & HALL, LLP**


                    **Kevin B. Pollak (KBP 6098)**
                    **Attorneys for Defendant**
                    **GREYHOUND LINES, INC.**
                    **570 Lexington Avenue, 4th Floor**
                    **New York, New York  10022**
                    **(212) 644-4420**

386688.1

TO:    **LAW OFFICE OF MARK SCHNEIDER**
       **Attorneys for Plaintiff**
       **LAUREN BICKFORD-BUSHEY**
       **57 Court Street**
       **Plattsburgh, New York  12901**
       **Attention:  Mark Schneider, Esq.**
       **(518) 566-6666**

       **HERRICK, FEINSTEIN, LLP**
       **Attorneys for Defendant**
       **THE GOODYEAR TIRE &**
       **RUBBER COMPANY**
       **2 Park Avenue**
       **New York, New York  10016**
       **Attention:  Alan D. Kaplan, Esq.**
       **(212) 592-1400**

386688.1

Lauren Bickford-Bushey v. Greyhound Lines, Inc., et al.
Civil Action No.: 08 CIV 4465 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER** was served via CM/ECF and First-Class Mail, postage prepaid, this 2nd day of June, 2008, to:

> **LAW OFFICE OF MARK SCHNEIDER**
> **Attorneys for Plaintiff**
> **LAUREN BICKFORD-BUSHEY**
> **57 Court Street**
> **Plattsburgh, New York  12901**
> **Attention:  Mark Schneider, Esq.**
>
> **HERRICK, FEINSTEIN, LLP**
> **Attorneys for Defendant**
> **THE GOODYEAR TIRE &**
> **  RUBBER COMPANY**
> **2 Park Avenue**
> **New York, New York  10016**
> **Attention:  Alan D. Kaplan, Esq.**

_____
Kevin B. Pollak (6098)

Sworn to before me this
2nd day of June, 2008.

_____
NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20 11

387315.1