Alan D. Kaplan, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com
    Attorney for Defendant
    The Goodyear Tire & Rubber Co.

UNITED STATES DISTRICT COURT           ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| LAUREN BICKFORD-BUSHEY, | Case No. 08 CIV. 4465 (PKL) |
| Plaintiff, | [Related to 06 CIV. 13371 (PKL)] |
| vs. | Jury Trial Demanded |
| GREYHOUND LINES, INC., and THE GOODYEAR TIRE and RUBBER COMPANY, | **ANSWER TO** |
| Defendants. | **COMPLAINT** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GOODYEAR TIRE & RUBBER COMPANY s/h/a THE GOODYEAR

TIRE and RUBBER COMPANY ("GOODYEAR"), by its attorneys, Herrick, Feinstein LLP

hereby answers the Complaint of plaintiff ("Plaintiff") as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Complaint.

4.      Admits that GOODYEAR is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio, and refers all questions of law to the Court at the time of trial.

5.      Admits that GOODYEAR is a foreign corporation authorized to do business in the State of New York, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and refers all questions of law to the Court at the time of the trial.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and refers all questions of law to the Court at the time of the trial.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and refers all questions of law to the Court at the time of the trial.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and refers all questions of law to the Court at the time of the trial.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint except admits that part of GOODYEAR's business involves the designing, selling and leasing of tires.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint except admits that Goodyear leased certain tire casings to Greyhound for use on Greyhound buses.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST GREYHOUND)

28.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "27" of the Complaint with the same force and effect as if set forth herein at length.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint insofar as they pertain to GOODYEAR.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE AGAINST GOODYEAR)

36.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "35" of the Complaint with the same force and effect as if set forth herein at length.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint except admits that GOODYEAR had an agreement with GREYHOUND LINES, INC. ("GREYHOUND") whereby GOODYEAR leased tire casings to GREYHOUND for GREYHOUND's use.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and refers all questions of law to the Court at the time of trial.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the

Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY)

45.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "44" of the Complaint with the same force and effect as if set forth herein at length.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

## FOURTH CAUSE OF ACTION
### (BREACH OF WARRANTIES)

52.     Repeats and reiterates each and every one of the foregoing admissions

and denials made in response to paragraphs "1" through "51" of the Complaint with the same force and effect as if set forth herein at length.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint.

57.    Denies the allegations contained in paragraph 57 of the Complaint to the extent that they are made against GOODYEAR, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

## FIFTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

58.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "57" of the Complaint with the same force and effect as if set forth herein at length.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies the allegations contained in paragraph 61 the Complaint to the extent that they are made against GOODYEAR, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

62.     The injuries and damages allegedly sustained by Plaintiff were caused solely by her own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of GOODYEAR.

### SECOND AFFIRMATIVE DEFENSE

63.     All or part of the damages allegedly sustained by Plaintiff were caused by her own culpable conduct through her own contributory negligence and careless acts or omissions and her damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to her.

### THIRD AFFIRMATIVE DEFENSE

64.     Plaintiff assumed the risk of the injuries allegedly sustained.

### FOURTH AFFIRMATIVE DEFENSE

65.     The Complaint fails to state claims upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

66.     The injuries or damages allegedly sustained by the Plaintiff were caused by misuse of the products or materials identified in the Complaint or by use in a manner not intended or not in accord with instructions and labels.

## SIXTH AFFIRMATIVE DEFENSE

67.    The products or materials identified in the Complaint were substantially modified, changed and/or altered by third persons over whom this GOODYEAR exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

68.    Any claims for punitive damages are violative of the United States Constitution and the Constitution of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

69.    GOODYEAR alleges that the incident and damages, if any, complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom GOODYEAR exercised no control and/or with whom GOODYEAR had no relationship.

## NINTH AFFIRMATIVE DEFENSE

70.    GOODYEAR alleges that if any of the products involved were designed, manufactured, produced and/or sold by GOODYEAR, then such products were of merchantable quality and reasonably fit, suitable and safe for her intended and reasonably foreseeable purposes.

## TENTH AFFIRMATIVE DEFENSE

71.    GOODYEAR alleges that if any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by GOODYEAR, then each such warranty, guarantee or representation was fully satisfied.

## ELEVENTH AFFIRMATIVE DEFENSE

72.    GOODYEAR alleges that if any of the products in question were manufactured, designed, produced and/or sold by GOODYEAR, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications of the purchase orders.

## TWELTH AFFIRMATIVE DEFENSE

73.    GOODYEAR denies any acts or omissions on its part proximately caused the incident or injuries of which Plaintiff complain.

## THIRTEENTH AFFIRMATIVE DEFENSE

74.    Defendant GOODYEAR claims credit for all collateral sources from which Plaintiff has, or shall receive benefits pursuant to CPLR Section 4545.

## FOURTEENTH AFFIRMATIVE DEFENSE

75.    Some or all of the claims against Defendant GOODYEAR are barred by reason of lack of privity.

## FIFTEENTH AFFIRMATIVE DEFENSE

76.    The incidents and damages, if any, of which Plaintiff complain were proximately caused by the fault of third persons not parties to this lawsuit. Inasmuch as the liability of GOODYEAR and the right, if any, of Plaintiff to recover in this litigation can only be determined after the percentages of fault of all parties to the incident are determined, whether or not they are parties to this litigation, Defendant seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

77.    Some or all of the claims set forth in the Complaint are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiff is barred from recovery against GOODYEAR because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to GOODYEAR.

## EIGHTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiff's injuries, if any, were caused by preexisting or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## NINETEENTH AFFIRMATIVE DEFENSE

80.     Plaintiff has failed to minimize or mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

81.     All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to GOODYEAR.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

82.     Plaintiff has not suffered a serious injury within the meaning of Insurance Law §5102.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

83.     The injuries or damages which Plaintiff allegedly sustained were caused and/or aggravated by the failure to utilize an available seatbelt, body harness or other safety device or such devices were not available through the fault of third parties and damages should be reduced accordingly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

84.     The injuries or damages which the Plaintiff allegedly sustained were caused by the failure of persons not within GOODYEAR's control to obey applicable traffic regulations or otherwise operate the bus in a safe or reasonable manner.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

85.    GOODYEAR reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST GREYHOUND LINES, INC.

86.    If Plaintiff was caused to suffer damages as a result of the incidents alleged in the Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of GOODYEAR but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of GREYHOUND and its directors, officers, agents and employees.

87.    If GOODYEAR is held liable for any of the damages claimed by the Plaintiff, then GOODYEAR is entitled to contribution and/or indemnification, in whole or in part, from GREYHOUND, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between it and GOODYEAR, as well as costs and attorneys fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## GREYHOUND LINES, INC.

88.    GOODYEAR repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "87" of the Complaint with the same force and effect as if set forth herein at length.

89.    By Agreement dated October 30, 2000 (the "Agreement" which is referred to in GREYHOUND's Answer), GREYHOUND agreed in paragraph 9 thereof, to defend, save and hold GOODYEAR harmless from all claims or actions for damages to property or injury to persons arising out of the use of GOODYEAR's tires, pursuant to the Agreement. Further, paragraph 11 of the Agreement outlines certain obligations undertaken by

GREYHOUND regarding the tires and the maintenance and service thereof.

90.    The Agreement obligated GREYHOUND to defend, save and hold GOODYEAR harmless in this action, as the subject incident and resulting claims alleged in the Complaint arise, in part, out of the alleged negligent acts or omissions of GREYHOUND pursuant to the performance of its obligations under the Agreement.

91.    Demand for GREYHOUND to save and hold harmless GOODYEAR has been made by GOODYEAR and not honored by GREYHOUND.

92.    GREYHOUND has breached the Agreement with GOODYEAR and continues to breach the Agreement with GOODYEAR.

93.    Accordingly, GOODYEAR has been damaged in an amount to be determined at trial.

WHEREFORE, GOODYEAR demands Judgment dismissing the Complaint, together with costs, disbursements and attorneys' fees, herein, granting its cross-claims and granting such other and further relief which this Court deems appropriate.

Dated: New York, New York
June 26, 2008

HERRICK, FEINSTEIN, LLP

By: _/s/ Alan D. Kaplan_____
     Alan D. Kaplan
     akaplan@herrick.com
Attorney for Defendant
*THE GOODYEAR TIRE & RUBBER COMPANY*
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500

To:
FABIANI COHEN & HALL, LLP
Kevin B. Pollak, Esq.
570 Lexington Avenue, 4th Floor
New York, NY 10022

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
845 Third Avenue
New York, NY 10022

NOVACK BURNBAUM CRYSTAL LLP
Howard C. Crystal
Motor Coach Industries, Inc.
300 East 42nd Street
New York, NY 10017

Mark Schneider, Esq.
Law Office of Mark Schneider
57 Court Street
Plattsburgh, New York 12901

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Floor
New York, NY 10017

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37th Floor
New York, NY 10123

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007

GOLDBERG SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz
888 166 Street, NW, Suite 800
Washington, DC 20006

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

E. STEWART JONES, PLLC
28 Second Street
Troy, NY 12181

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road - Suite 270
Carle Place, NY 11514

LAW OFFICES OF EDWARD P. RYAN
Edward P. Ryan, Esq.
38 Eagle Street
Albany, NY 12207

CHAPMAN ZARANSKY LLP, OF COUNSEL TO
LAW OFFICES OF JAY H. TANENBAUM
Michael B. Zaransky, Esq.
110 Wall Street
16th Floor
New York, NY 10010