Alan D. Kaplan, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com
   Attorneys for Defendant
   The Goodyear Tire & Rubber Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

LAUREN BICKFORD-BUSHEY,

        Plaintiff,

-against-

GREYHOUND LINES, INC., and THE GOODYEAR TIRE and RUBBER COMPANY,

        Defendants.
------------------------------------------------x

ELECTRONICALLY FILED

08 CIV 4465 (PKL)

[Related to 06 CIV 13371 (PKL)]

Jury Trial Requested

**GOODYEAR'S ANSWER TO CROSS-CLAIMS OF GREYHOUND LINES, INC.**

The Goodyear Tire & Rubber Company s/h/a The Goodyear Tire and Rubber Company ("Goodyear"), by its attorneys, Herrick, Feinstein LLP, hereby answers the Cross-Claims of Defendant Greyhound Lines, Inc. ("Greyhound") contained in their Answer to the plaintiff's Complaint (the "Answer") (incorporating herein all prior and related pleadings and defenses) as follows:

### AS TO THE FIRST CROSS-CLAIM

71.    Admits that an agreement dated October 3, 2000 existed between Goodyear and Greyhound (the "Agreement") but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

72.    Neither admits nor denies the allegations contained in paragraph 72 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various

paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

73. Neither admits nor denies the allegations contained in paragraph 73 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

74. Neither admits nor denies the allegations contained in paragraph 74 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

75. Neither admits nor denies the allegations contained in paragraph 75 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Paragraph 11(b) of the Agreement provides in part that "tire service to be performed by Greyhound will be in accordance with Exhibit 'C' attached" to the Agreement.

76. Neither admits nor denies the allegations contained in paragraph 76 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Procedure Guideline No.: PB K-91 is a document which originates from and was authored by Greyhound's Maintenance and Engineering Department.

77. Neither admits nor denies the allegations contained in paragraph 77 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various

paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that paragraph 11(a) of the Agreement provides in part that "Greyhound will install and maintain in all its garages suitable facilities for the inflation and maintenance of tires and wheel assembles, and will keep tires inflated to conform to the approved standards of the Tire and Rim Association of America, Inc."

78. Neither admits nor denies the allegations contained in paragraph 78 of the Answer but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Paragraph 9 of the Agreement provides in part that Greyhound "agrees to defend, save and hold Goodyear harmless from all claims or actions for damages to property or injuries to persons arising out of the use or possession of tires hereunder…", and also indicates that any corresponding obligation on Goodyear's part only exists in situations involving the "sole negligence" of Goodyear. Numerous independent allegations of negligence against Greyhound have already been raised by the plaintiffs in this action.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Answer.

80. Denies each and every allegation contained in paragraph 80 of the Answer except admits that the left front steer tire of the bus was a Model G-409 tire.

81. Denies each and every allegation contained in paragraph 81 of the Answer except admits that the left front tire casing referred to in the Cross-Claim was leased by Goodyear to Greyhound for Greyhound's use on its buses.

82. Denies each and every allegation contained in paragraph 82 of the Answer except admits that the left front tire casing referred to in the Cross-Claim was leased by Goodyear to Greyhound for Greyhound's use on its buses.

83. Admits the allegations contained in paragraph 83 of the Answer.

84. Denies each and every allegation contained in paragraph 84 of the Answer except admits that Goodyear manufactured the left front tire referred to in the Cross-Claim.

85. Neither admits nor denies the allegations contained in paragraph 85 of the Answer but refers the Court to the Complaint referred to in the Cross-Claim. Moreover, Goodyear states that with regard to allegations concerning maintenance and inspection, any such functions delegated to Goodyear by the Agreement were further delegated by Goodyear to its independent contractor, UGL UNICCO, f/k/a UNICCO Service Company.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Answer.

87. Denies each and every allegation contained in paragraph 87 of the Answer.

88. Denies each and every allegation contained in paragraph 88 of the Answer.

89. Denies each and every allegation contained in paragraph 89 of the Answer.

### AS TO THE SECOND CROSS-CLAIM

90. Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "71" through "89" of the Answer with the same force and effect as if set forth herein at length.

91. Denies each and every allegation contained in paragraph 91 of the Answer.

92. Denies each and every allegation contained in paragraph 92 of the Answer.

## AS TO THE THIRD CROSS-CLAIM

93. Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "71" through "92" of the Answer with the same force and effect as if set forth herein at length.

94. Denies each and every allegation contained in paragraph 94 of the Answer.

95. Denies each and every allegation contained in paragraph 95 of the Answer.

## AS TO THE FOURTH CROSS-CLAIM

96. Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "71" through "95" of the Answer with the same force and effect as if set forth herein at length.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Answer.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Answer.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Answer.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Answer.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Answer.

102. Denies each and every allegation contained in paragraph 102 of the Answer.

103. Denies each and every allegation contained in paragraph 103 of the Answer.

104.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Answer.

105.   Denies each and every allegation contained in paragraph 105 of the Answer.

WHEREFORE, Defendant Goodyear demands Judgment dismissing all cross-claims against it and for such other relief deemed appropriate by the Court.

Dated:   New York, New York
         June 26, 2008

>                    HERRICK, FEINSTEIN, LLP
>
>
>                    By:  /s/ Alan D. Kaplan
>                         Alan D. Kaplan
>                         akaplan@herrick.com
>                    Attorneys for Defendant
>                    *THE GOODYEAR TIRE & RUBBER COMPANY*
>                    2 Park Avenue
>                    New York, NY 10016
>                    Tel: 212-592-1400
>                    Fax: 212-592-1500

To:
FABIANI COHEN & HALL, LLP
Kevin B. Pollak, Esq.
570 Lexington Avenue, 4th Floor
New York, NY 10022

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
845 Third Avenue
New York, NY 10022

NOVACK BURNBAUM CRYSTAL LLP
Howard C. Crystal
Motor Coach Industries, Inc.
300 East 42nd Street
New York, NY 10017

Mark Schneider, Esq.
Law Office of Mark Schneider
57 Court Street
Plattsburgh, New York 12901

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Floor
New York, NY 10017

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37th Floor
New York, NY 10123

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007

GOLDBERG SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz
888 166 Street, NW, Suite 800
Washington, DC 20006

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

E. STEWART JONES, PLLC
28 Second Street
Troy, NY 12181

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road - Suite 270
Carle Place, NY 11514

LAW OFFICES OF EDWARD P. RYAN
Edward P. Ryan, Esq.
38 Eagle Street
Albany, NY 12207

CHAPMAN ZARANSKY LLP, OF COUNSEL TO
LAW OFFICES OF JAY H. TANENBAUM
Michael B. Zaransky, Esq.
110 Wall Street
16th Floor
New York, NY 10010