Alan D. Kaplan, Esq.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com
   Attorneys for Defendant
   The Goodyear Tire & Rubber Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

LAUREN BICKFORD-BUSHEY,

          Plaintiff,

   -against-

GREYHOUND LINES, INC., and THE
GOODYEAR TIRE and RUBBER COMPANY,

          Defendants.

------------------------------------x

GREYHOUND LINES, INC.,

          Third-Party Plaintiff,

vs.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known as UNICCO Service
Company,

          Third-Party Defendants.

------------------------------------x

ELECTRONICALLY FILED

08 CIV 4465 (PKL)

[Related to 06 CIV 13371 (PKL)]

Jury Trial Requested

**GOODYEAR'S CROSS-CLAIMS AGAINST THIRD-PARTY DEFENDANTS MCI AND UNICCO**

      The Goodyear Tire & Rubber Company s/h/a The Goodyear Tire and Rubber Company ("Goodyear"), by its attorneys, Herrick Feinstein LLP, hereby asserts cross-claims against third-party defendants Motor Coach Industries, Inc. ("MCI") and UGL UNICCO, f/k/a UNICCO Service Company ("UNICCO") (incorporating herein all prior and related pleadings and defenses) as follows:

## AS AND FOR A FIRST
## CROSS-CLAIM AGAINST MCI and UNICCO

1. If Plaintiff and Third-Party Plaintiff were caused to suffer damages as a result of the incidents alleged in the Amended Complaint and Third-Party Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of Goodyear, but rather were due in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of MCI and UNICCO, and their directors, officers, agents and employees.

2. If Goodyear is held liable for any of the damages claimed by Plaintiff or Third-Party Plaintiff, then Goodyear is entitled to contribution and/or indemnification, in whole or in part, from MCI and UNICCO, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between them and Goodyear, as well as costs and attorney fees.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST UNICCO

3. On or about August 30, 1995 Goodyear entered into an Agreement (the "Agreement") with Ogden Cisco, Inc. ("Ogden") (a copy of which is annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

4. On or about September 11, 1996, Ogden assigned the Agreement and all obligations thereunder to UNICCO as per an assignment agreement of that date (the "Assignment") (the Assignment was also annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

5. UNICCO, formerly known as UNICCO Service Company, changed its name from UNICCO Service Company to UGL UNICCO on or about November 19, 2007.

6. The above-mentioned Agreement dated August 30, 1995 and the Assignment thereof to UNICCO were in full force and effect and binding upon UNICCO on August 28, 2006, and up to the present. During this period of time UNICCO provided services to Goodyear and Greyhound Lines, Inc. ("Greyhound") based on the terms of the Agreement.

7. Paragraph 5 of the Agreement defines and delineates the Indemnification obligations owed by UNICCO to Goodyear. Paragraph 5 requires UNICCO to "fully indemnify and hold harmless" Goodyear, its directors, officers, employees and agents, "from any and all claims, demands, losses and expenses of whatsoever nature, character or description that any person or entity has or may have arising out of or relating to the breach of or failure to perform the contract services....or resulting from any negligent act, omission, misconduct or fault of Contractor (UNICCO), their employees and/or agents."

8. Paragraph 4 of the Agreement refers to insurance coverage which UNICCO is required to provide to Goodyear, "with respect to indemnity provisions of this Agreement" (i.e. UNICCO's indemnity obligations to Goodyear pursuant to paragraph 5). Goodyear is to be named as an additional insured in an insurance policy which must be a "primary" policy (the indemnification obligation of UNICCO is not restricted to the limits of the insurance coverage).

9. Goodyear has previously made demand upon UNICCO that it fully indemnify and hold harmless Goodyear for all liability claims, demands, losses, and expenses arising out of UNICCO's services required under the Agreement as they relate to various claims made regarding the subject Greyhound bus accident and which form the basis of the actions pending in this Court. UNICCO has failed and/or refused to indemnify Goodyear and has not provided or procured appropriate coverage pursuant to paragraph 4 of the Agreement, even though a defense and indemnification under such coverage has been demanded by Goodyear.

10. As a result, UNICCO has breached and continues to breach the Agreement with Goodyear and Goodyear has been damaged as a result thereof.

**WHEREFORE**, Defendant Goodyear demands Judgment granting its cross-claims against the third-party defendants together with costs, disbursements and attorneys' fees, and granting such other and further relief which this Court deems appropriate.

Dated: New York, New York
June 26, 2008

                                                      HERRICK, FEINSTEIN, LLP

                                                      By: /s/ Alan D. Kaplan
                                                            Alan D. Kaplan
                                                            akaplan@herrick.com
                                           Attorney for Defendant
                                           *THE GOODYEAR TIRE & RUBBER*
                                           *COMPANY*
                                           Herrick, Feinstein LLP
                                           2 Park Avenue
                                           New York, NY 10016
                                           Tel:  212-592-1400
                                           Fax:  212-592-1500

To:
FABIANI COHEN & HALL, LLP
Kevin B. Pollak, Esq.
570 Lexington Avenue, 4th Floor
New York, NY 10022

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
845 Third Avenue
New York, NY 10022

NOVACK BURNBAUM CRYSTAL LLP
Howard C. Crystal
Motor Coach Industries, Inc.
300 East 42nd Street
New York, NY 10017

Mark Schneider, Esq.
Law Office of Mark Schneider
57 Court Street
Plattsburgh, New York 12901

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Floor
New York, NY 10017

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37th Floor
New York, NY 10123

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007

GOLDBERG SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz
888 166 Street, NW, Suite 800
Washington, DC 20006

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

E. STEWART JONES, PLLC
28 Second Street
Troy, NY 12181

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road - Suite 270
Carle Place, NY 11514

LAW OFFICES OF EDWARD P. RYAN
Edward P. Ryan, Esq.
38 Eagle Street
Albany, NY 12207

CHAPMAN ZARANSKY LLP, OF COUNSEL TO
LAW OFFICES OF JAY H. TANENBAUM
Michael B. Zaransky, Esq.
110 Wall Street
16th Floor
New York, NY 10010