UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAUREN BICKFORD-BUSHEY

                          Plaintiffs,

    v.

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY

                          Defendants.
-----------------------------------------------------------------X
GREYHOUND LINES, INC.,

                          Third-Party Plaintiff,

    v.

MOTOR COACH INDUSTRIES, INC., and UGL
UNICCO, Formerly Known as UNICCO Service
Company,

                          Third-Party Defendants.
-----------------------------------------------------------------X

**ANSWER TO THIRD-PARTY COMPLAINT**

08 CIV 4465 (PKL)

[Related to
06 CIV 13371 (PKL)]

       Defendant, UNICCO Service Company d/b/a UGL Unicco s/h/a UGL UNICCO, Formerly Known As UNICCO Service Company, by its attorneys QUIRK AND BAKALOR, P.C., sets forth the following upon information and belief:

       FIRST:      Denies having knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraphs of the Third-Party complaint numbered "1", "2", "3", "4", "5", "16", "17", "18", "19", "20", "21", "22", "51, "54", "55", "67" and "70".

       SECOND:    Denies each and every allegation contained in the paragraphs of the Third-Party complaint numbered "6", "7" and "71".

       THIRD:      Refers paragraph "10" and "11" of the Third-Party complaint to this Court as said paragraphs contain conclusions of the law to which no response is required.

FOURTH: Denies having knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraphs of the Third-Party complaint numbered "12", "13", "14", "15", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "37", "47", "48", "49", "50", "53", "63", "64", "65" and "66" and refers all issues of contract interpretation and law contained therein to this Court.

FIFTH: Denies each and every allegation contained in the paragraphs of the Third-Party complaint numbered "35" and "36" except admits that this answering defendant did not accept GREYHOUND LINES, INC.'s demand for indemnity and refers all issues of the law contained therein to this Court.

SIXTH: Denies each and every allegation contained in the paragraphs of the Third-Party complaint numbered "38", "39", "41", "42", "44", "45", "52", "57", "58", "60", "61", "68" and "69" and refers all issues of contract interpretation and law contained therein to this Court.

**AS AND FOR A FIRST, SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE**

SEVENTH: The limitations of New York State CPLR Article 16 apply to this action.

**AS AND FOR A CROSS-CLAIM OVER AND AGAINST DEFENDANTS
THE GOODYEAR RUBBER AND TIRE COMPANY and MOTOR COACH
INDUSTRIES, INC.**

EIGHTH: If the plaintiff were caused to sustain damages at the time and place set forth in the plaintiff's verified complaint through any carelessness, recklessness or negligence, other than the plaintiff's own carelessness, recklessness or negligence, then said damages were sustained by reason of the carelessness, recklessness or negligence and/or acts of omission or commission of defendant, THE GOODYEAR RUBBER AND TIRE COMPANY and Third-Party Defendant MOTOR COACH INDUSTRIES, INC, and if any judgment is recovered herein against this answering defendants, this answering defendants will be thereby damaged.

NINTH:  By reason of the forgoing, defendant, THE GOODYEAR RUBBER AND TIRE COMPANY and Third-Party defendant MOTOR COACH INDUSTRIES, INC. will be liable to the plaintiffs for the full amount of any recovery herein by the plaintiff, or for that proportion thereof caused by the relative responsibility of defendant, THE GOODYEAR RUBBER AND TIRE COMPANY and Third-Party Defendant MOTOR COACH INDUSTRIES, INC. are bound to pay any and all UNICCO Service Company d/b/a UGL Unicco, attorneys' fees, costs of investigation and disbursements.

**WHEREFORE,** defendant UNICCO Service Company d/b/a UGL Unicco s/h/a UGL UNICCO, Formerly Known As UNICCO Service Company, demands judgment dismissing the third-party complaint of the defendant/third-party plaintiff, and demands judgment on its cross claim together with the costs, disbursements and attorneys' fees of this action.

Dated: New York, New York
July 16, 2008

Yours, etc.

QUIRK AND BAKALOR, P.C.

By: _____
Scott P. Taylor (7761)
Attorneys for Defendant
UNICCO Service Company s/h/a UGL UNICCO, Formerly Known As UNICCO Service Company
845 Third Avenue
New York, New York 10022
(212) 319-1000

TO:  LAW OFFICE OF MARK SCHNEIDER
*Attorneys for Plaintiff*
**LAUREN BICKFORD-BUSHEY**
57 Court Street
Plattsburgh, New York 12901
(518) 566-6666

FABIANI COHEN & HALL, LLP

Kevin B. Pollak (KBP 6098)
*Attorneys for Defendant/*
*Third-Party Plaintiff*
*GREYHOUND LINES, INC.*
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
*Attorneys for Defendant*
*THE GOODYEAR TIRE &*
*RUBBER COMPANY*
2 Park Avenue
New York, New York 10016
(212) 592-1400

*NOVACK BURNBAUM CRYSTAL LLP*
*Attorneys for Third-Party Defendant,*
*MOTOR COACH INDUSTRIES, INC.*
300 East 42nd Street
New York, New York 10017
(212) 682-4002

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF                    ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**   in the action; I have read the foregoing                         and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**   the                    of                         a                         corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF  New York   ss.:   (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Valley Stream, N.Y.

On **July 16, 2008**   I served the within   **Answer to Third-Party Complaint**

☒ **Service By Mail** — by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** — by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ **Service by Electronic Means** — by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** — by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

| | |
|---|---|
| LAW OFFICE OF MARK SCHNEIDER<br>*Attorneys for Plaintiffs*<br>**LAUREN BICKFORD-BUSHEY**<br>57 Court Street<br>Plattsburgh, New York 12901 | FABIANI COHEN & HALL, LLP<br>Kevin B. Pollak (KBP 6098)<br>*Attorneys for Defendant/*<br>*Third-Party Plaintiff*<br>**GREYHOUND LINES, INC.**<br>570 Lexington Avenue, 4th Floor<br>New York, New York 10022 |
| HERRICK, FEINSTEIN, LLP<br>*Attorneys for Third-Party Defendant*<br>**THE GOODYEAR TIRE &<br>RUBBER COMPANY**<br>2 Park Avenue<br>New York, New York 10016 | NOVACK BURNBAUM CRYSTAL LLP<br>*Attorneys for Third-Party Defendant*<br>**MOTOR COACH INDUSTRIES, INC.**<br>300 East 42nd Street<br>New York, New York 10017 |

Sworn to before me on July 16, 2008

*[signature: Dara L. Rosenbaum]*

DARA L. ROSENBAUM
Notary Public, State of New York
No. 02RO6117218
Qualified in New York County
Commission Expires October 25, 2008

*[signature]* Ludy Aristilde

*The name signed must be printed beneath*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 08 CIV 4465    Year

LAUREN BICKFORD-BUSHEY,

                        Plaintiff,

    -against-

GREYHOUND LINES, INC. and THE GOODYEAR TIRE
& RUBBER COMPANY,

                    Defendant.    **AND OTHER ACTIONS**

## ANSWER TO THIRD-PARTY COMPLAINT

**QUIRK AND BAKALOR, P.C.**
*Attorney(s) for* Third-Party Defendant, UNICCO Service Company d/b/a/ UGL Unicco s/h/a UGL UNICCO, Formerly Known As UNICCO Service Company

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                         of which the within is a true copy
will be presented for settlement to the HON.                                          one of the judges of the
within named Court, at
on                                at                    M.
Dated,

                          Yours, etc.

                          **QUIRK AND BAKALOR, P.C.**